UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL GERBASI,

       Plaintiff,

  v.

NU ERA TOWING AND SERVICE, INC.,
and M&T BANK,

       Defendants.

17-CV-553
DECISION & ORDER

---

On June 16, 2017, the plaintiff, Carol Gerbasi, filed a complaint raising claims under the Fair Debt Collection Practices Act ("FDCPA"). Docket Item 1. More specifically, Gerbasi alleged that the defendants, NU Era Towing and Service, Inc. ("Nu Era") and M&T Bank ("M&T"), violated 15 U.S.C. §1692f when they repossessed her Chevy Equinox on January 2, 2017. *See* Docket Item 1 ¶¶ 11-21. Nu Era answered the complaint on September 20, 2017. Docket Item 5.[1]

On August 8, 2018, Nu Era moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Docket Item 10. On August 24, 2018, Gerbasi responded, Docket Item 11, and on August 31, 2018, NU Era replied, Docket Item 12. For the reasons that follow, this Court denies Nu Era's motion.

---

[1] M&T has not answered the complaint. On July 31, 2018, the parties reported that they would execute and file a stipulation of discontinuance as to M&T, Docket Item 8, but the Court has not yet received that stipulation.

**DISCUSSION**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a Rule 12(c) motion is "the same . . . standard [that is] applicable to dismissals pursuant to [Rule] 12(b)(6). Thus, [courts] will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [the plaintiff's] favor." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

On a Rule 12(c) motion, courts consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Id.* at 422 (quoting *Roberts v. Babkiewicz,* 582 F.3d 418, 419 (2d Cir. 2009)). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Id.* (alteration in original) (quoting *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004)). But if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nu Era first argues that it is entitled to judgment on the pleadings because "daily records kept by Nu Era in its regular course of business establish that no Nu Era employee, officer, independent contractor, or agent was present at [Gerbasi]'s residence on January 2, 2017." Docket Item 10-9 at 8. In support of its motion, Nu Era

2

submitted a declaration of Joseph Klimeczko, the president of Nu Era, along with several exhibits. Docket Items 10-5, 10-6, 10-7, and 10-8. According to Nu Era, "[t]hese records can be considered because they are 'integral' to [Gerbasi]'s [c]omplaint since they conclusively undermine its factual allegations." Docket Item 10-9 at 8.

As Gerbasi correctly observes, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." Docket Item 11 at 3 (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). Thus, even assuming for the sake of argument that these documents are integral to the complaint, this Court cannot rely on them. Rather, the inconsistencies between the complaint and the documents submitted by Nu Era in support of its motion are classic factual disputes that are not appropriately resolved on a motion for judgment on the pleadings. Indeed, were the Court to consider and credit the Klimeczko declaration, it would have to convert Nu Era's motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d).

Nu Era next argues that, even assuming that the allegations in the complaint are true, it did not violate the FDCPA because it had a "present right to possession of the property claimed as collateral through an enforceable security interest." Docket Item 10-9 at 10-11 (quoting 15 U.S.C. §1692f(6)(a)). A violation of §1692f(6) occurs only when a debt collector takes or threatens to take nonjudicial action *without* a present right to possession of the property, Nu Era argues, and that did not occur here. Gerbasi counters that her complaint alleges that Nu Era breached the peace in attempting to repossess her vehicle and that she therefore has adequately pled that Nu Era did not

3

have a "*present* right to possession." Docket Item 11 at 6-7 (emphasis in original) (quoting 15 U.S.C. §1692f(6)(a)). This Court agrees with Gerbasi.

Determining whether Nu Era "had a 'present right' to [Gerbasi's vehicle] via an enforceable security interest turns on [the state's Uniform Commercial Code ('UCC')]." *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014). The New York UCC provides that a secured party "may take possession of the collateral . . . without judicial process, if it proceeds without breach of the peace." N.Y. U.C.C. § 9-609. "Hence, where repossession cannot be accomplished without a breach of the peace, a retaking must be effected by legal process." *Barrett v. Harwood*, 189 F.3d 297, 300 (2d Cir. 1999).

Under New York law, a breach of the peace is defined as "a disturbance of public order by an act of violence, or by any act likely to produce violence, or which by causing consternation and alarm, disturbs the peace and quiet of the community." *Hilliman v. Cobado*, 210, 499 N.Y.S.2d 610, 614 (Sup. Ct. 1986) (quoting *People v. Most,* 171 N.Y. 423, 429 (1902)). The UCC, however, "does not define or explain the conduct that will constitute a breach of the peace, leaving that matter for continuing development by the courts." N.Y. U.C.C. § 9-609 cmt. 3.

Here, Gerbasi alleges that an agent of Nu Era "drove his truck and rammed [Gerbasi's] gate[,] which broke the lock and damaged [Gerbasi]'s fence." Docket Item 1 ¶ 16. Gerbasi "exited her home and objected to the repossession attempt by [Nu Era]" and told Nu Era's agent "to get off her property." *Id.* ¶ 17. The agent "responded that he would tase and mace [Gerbasi] if she came any closer to him." *Id.* Gerbasi's "son then exited the house and [the Nu Era agent] told him that he would tase and mace

4

him." *Id.* Gerbasi "then called the police." *Id.* This Court finds that those allegations—particularly the agent's threats that he would tase or mace Gerbasi and her son—are sufficient to plead a breach of the peace.

The cases that Nu Era cites do not suggest otherwise. *Hayes v. Find Track Locate, Inc.*, 60 F. Supp. 3d 1144 (D. Kan. 2014), is wholly inapposite as it did not deal with any allegations of a breach of the peace. *See id.* at 1155. In *Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272 (E.D. Pa. 2016), the court found that the plaintiff had failed to allege a breach of the peace where she "ma[de] no factual allegations that she was present at the repossession, that she made any oral objection at the scene of the repossession, that any law enforcement was involved in the repossession, that [the defendant] trespassed while executing the repossession, or that [the defendant] had to enter the subject vehicle with force." *Id.* at 278. Here, by contrast, Gerbasi alleges that Nu Era trespassed on her property, that she orally objected at the scene, that the Nu Era agent threatened both her and her son, and that Gerbasi called the police.

Thus, this Court finds that Gerbasi has adequately alleged violations of the FDCPA, and Nu Era is not entitled to judgment on the pleadings.

## **CONCLUSION**

For the reasons stated above, Nu Era's motion for judgment on the pleadings, Docket Item 10, is hereby DENIED.

SO ORDERED.

Dated:   March 9, 2020
         Buffalo, New York

                                         *s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE